VICTOR GRANTHAM, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 516, 2009.
Supreme Court of Delaware.
Submitted: April 7, 2010.
Decided: May 10, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 10th day of May 2010, upon consideration of the appellant's opening brief pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On February 19, 2009, the defendant-appellant, Victor Grantham, pleaded guilty to the sole charge of Murder in the Second Degree. In exchange for the guilty plea, the State agreed to dismiss six additional felony charges in connection with the shooting death of Annibel Ramirez. Grantham was sentenced to 50 years incarceration at Level V, to be suspended after 30 years, followed by 10 years of Level III probation. This is Grantham's direct appeal.
(2) Grantham's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Grantham's counsel asserts that, based upon a careful and complete examination of the record and the law, there are no arguably appealable issues. By letter, Grantham's counsel informed Grantham of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Grantham also was informed of his right to supplement his attorney's presentation. Grantham responded with a brief that raises two issues for this Court's consideration. The State has responded to the position taken by Grantham's counsel as well as the issues raised by Grantham and has moved to affirm the Superior Court's judgment.
(4) Grantham raises two issues for this Court's consideration. He claims that a) he and his counsel were not given an opportunity to review and comment on the information contained in the presentence report prior to sentence being imposed; and b) the State's unfair characterizations of him influenced the sentencing judge to impose a more severe sentence. Because neither of these claims was presented to the Superior Court in the first instance, we will review them for plain error.[2]
(5) The transcripts of the guilty plea and sentencing hearings reflect the following. At the guilty plea hearing, Grantham stated that he had discussed his plea with his attorney and was satisfied with his attorney's representation. He also stated that he had not been promised anything in exchange for the plea, that he had read and understood the plea agreement and the TIS guilty plea form, and that he understood he could be sentenced to 15 years to life at Level V incarceration. At the request of the State, the judge ordered a full presentence investigation.
(6) At the sentencing hearing, the husband of the victim spoke about what the death of his wife had meant to him and his infant daughter. Grantham's attorney reiterated that Grantham was facing 15 years to life at Level V incarceration and made a lengthy statement requesting that the judge impose the most lenient sentence possible. The prosecutor noted that, at the time of the shooting, Grantham was serving a probationary sentence for carjacking and had been prohibited from possessing a handgun. The prosecutor outlined the circumstances leading up to the shootingnamely, that, at about 4:00 p.m. on July 21, 2008, Grantham used a handgun to shoot at a rival on South Van Buren Street in Wilmington, Delaware. The weather was hot and the street was crowded with people. Annibel Ramirez, an innocent bystander, had just exited her car, with her infant daughter in the car seat, when a bullet fired by Grantham struck her in the head, mortally wounding her. The prosecutor also noted that, following the shooting, Grantham attempted to cover up what he had done by pouring bleach on the gun and ditching it in New Jersey.
(7) The judge sentenced Grantham to 50 years at Level V, to be suspended after 30 years for probation. The sentencing transcript reflects that the basis for the sentence was the judge's assessment of the seriousness of the crime and its devastating impact on the family of the victim. The judge stated that the only basis for leniency was Grantham's age of 19. The judge cited as aggravating factors Grantham's prior record, his lack of amenability to lesser punishment, his need for correctional treatment, his lack of remorse, and the fact that Grantham was on probation at the time of the crime.[3]
(8) Grantham's first claim is that, under Superior Court Criminal Rule 32(c)(3), he and his attorney should have been able to review the presentence report prior to sentencing. Under Rule 32(c)(3), when a defendant is represented by counsel, the Superior Court "shall allow the defendant's counsel . . . to read the report of the presentence investigation . .. . [and] to comment on the report. . . ." Grantham has presented no evidence supporting his claim that his attorney did not have access to the presentence report prior to sentencing in May 2009. In fact, the sentencing transcript reflects that Grantham's attorney told the judge that Grantham "mentioned" his regret at the victim's death "to the presentence officer." The prosecutor also refers to that statement. Even assuming that Grantham did not discuss the contents of the presentence report with his counsel prior to the May 2009 sentencing hearing, he would have had ample opportunity to do so prior to his re-sentencing in August 2009. The transcript of the resentencing does not reflect that Grantham had any concern about the material contained in the presentence report at that time. Because Grantham has failed to demonstrate any error with respect to the presentence report, much less error so prejudicial as to jeopardize the fairness and integrity of the trial process, we find his first claim to be unavailing.
(9) Grantham's second claim is that the State's unfair comments at sentencing unfairly influenced the judge to impose a more severe sentence. The transcript of the sentencing hearing in May 2009 reflects that the victim's husband, the prosecutor, defense counsel, as well as Grantham had the opportunity to speak. The prosecutor's statement outlining the aggravating factors to be considered by the judge in sentencing Grantham, while pointed, was neither inaccurate nor improper.[4] Moreover, the sentencing judge has broad discretion to consider information relating to a defendant's personal history and behavior which is not confined exclusively to the conduct for which the defendant was convicted.[5] The sentencing judge commits error only when he or she relies upon inaccurate or unreliable information.[6] Because Grantham has demonstrated no error with respect to the prosecutor's comments at sentencing, much less plain error, we also find Grantham's second claim to be unavailing.
(10) The Court has reviewed the record carefully and has concluded that Grantham's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Grantham's counsel has made a conscientious effort to examine the record and the law and has properly determined that Grantham could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Wainwright v. State, 504 A.2d 1096, 1100 (Del. 1986) (plain error consists of errors that are so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process).
[3] On August 11, 2009, Grantham was re-sentenced by the Superior Court to the same sentence so that a timely appeal to this Court could be filed.
[4] Eaddy v. State, 1996 WL 313499 (Del. Supr.) (prosecutor's remarks that were supported by evidence at sentencing hearing did not constitute plain error).
[5] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[6] Id.